Mark D. Molner, Esq.
**PRICE LAW GROUP, APC**
2210 W. 75th Street
Prairie Village, KS 66208
Direct Dial: (913) 529-1474
Fax: (818) 205-2730
mark@pricelawgroup.com

Kansas Bar Number: 24493
Attorneys for Plaintiff,
BRIAN HUCKADY

# UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN HUCKADY,<br><br>              Plaintiff,<br><br>       vs.<br><br>STEPHENS & MICHAELS ASSOCIATES, INC.; JOHN DOES 1-10; and JANE DOES 1-10,<br><br>              Defendants. | **Case No.:**  12-4100-JWL/DJW<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

## INTRODUCTION

1.     This is an action for actual and statutory damages brought by Plaintiff, Brian Huckady, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair

practices, and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## VENUE AND JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

4.     Plaintiff, Brian Huckady is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Geary County, in the state of Kansas.

5.     Defendant, Stephens & Michaels Associates, Inc. is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located at 7 Stiles Road, Salem, New Hampshire, 03079.

6.     Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.     Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9.   At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.   Sometime before 2012, Plaintiff, Brian Huckaby, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.   Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

12.   The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13.   Defendant then within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection calls to Plaintiff prior to August 22, 2012; seeking and demanding payment for an alleged consumer debt owed under an account number.

14.     Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff's home phone and spoke to his daughter who is an unrelated third party to the alleged debt and alerted her to the alleged debt without Plaintiff's consent.

## SUMMARY

15.     All of the above-described collection communications made to Plaintiff Brian Huckady by each individual Defendant and other collection employees employed by Defendant Stephens & Michaels Associates, Inc. were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

16.     The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy.

17.     As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

18.     Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, upset, embarrassment, amongst other

negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

19.     Defendant's repeated unlawful attempts to collect this alleged debt from Plaintiff, was an invasion of Plaintiff's privacy and his right to be left alone.

20.     Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## RESPONDEAT SUPERIOR LIABILITY

21.     The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Stephens & Michaels Associates, Inc. who communicated with Plaintiff Brian Huckady as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Stephens & Michaels Associates, Inc.

22.     The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Stephens & Michaels Associates, Inc. in collecting consumer debts.

23.     By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Stephens & Michaels Associates, Inc.

24.     Defendant Stephens & Michaels Associates, Inc. is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiff.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

25.     Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

> (a)  Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

> (b)  Defendant violated *§1692b(2)* of the FDCPA by telling an unrelated third party that Plaintiff owes an alleged debt without Plaintiff's consent; and

> (c)  Defendant violated *§1692c(b)* of the FDCPA by contacting a third

party in connection with the collection of the alleged debt without the consent of Plaintiff and without the contact being in a manner covered by *§1692b* of the FDCPA.

27.     As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff Brian Huckady for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28.     Plaintiff Brian Huckady repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

30.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

It is the policy of the Congress that <u>each financial institution has an</u> <u>affirmative and continuing obligation to respect the privacy of its</u> <u>customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

31.     Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

32.     Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully contacting an unrelated third party in regards to his alleged debt without Plaintiff's consent, and thereby invaded Plaintiff's right to privacy.

33.     Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

34.     Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns and affairs.

35.     The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

36.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37.     As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. §1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

E. For such other and further relief as the Court may deem just and proper.

1

2

3                                            RESPECTFULLY SUBMITTED,

4        DATED:  <u>August 23, 2012</u>          **PRICE LAW GROUP APC**

5

6                                            By:<u>/s/ Mark D. Molner</u>
                                                  Mark D. Molner
7                                                 Attorney for Plaintiff

8

9

10

11                           <u>**DEMAND FOR JURY TRIAL**</u>

12          Please take notice that Plaintiff, Brian Huckady, demands trial by jury in this

13   action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28